UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESPERADO MOTOR RACING & MOTORCYCLES, INC., <br>     Plaintiff and Counter-Defendant, <br><br> v. <br><br> EDWARD ROBINSON, INDIVIDUALLY AND D/B/A DESPERADO'S NORTHSIDE CHOPPERS, AND AS FORMAL ENTITY IF FORMED, <br>     Defendant, Counter-Plaintiff, and Third-Party Plaintiff, <br><br> v. <br><br> JEFFREY NICKLUS, <br>     Third-Party Defendant. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-09-1574 |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff/Counter-Defendant Desperado Motor Racing and Motorcycles, Inc. ("Plaintiff" or "Desperado Motor Racing") and Third-Party Defendant Jeffrey Nicklus's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for a More Definite Statement [Doc. # 74] ("Motion to

Dismiss").[1]  Defendant/Counter-Plaintiff/Third-Party Plaintiff Edward Robinson, individually and doing business as Desperado's Northside Choppers, ("Defendant" or "Robinson") filed a Response [Doc. # 75] ("Response").  Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that Desperado Motor Racing and Nicklus's Motion to Dismiss should be **granted** in part and **denied** in part.

## I. BACKGROUND

Plaintiff Desperado Motor Racing is a manufacturer of custom-designed motorcycles.  On May 22, 2009, Plaintiff filed the instant suit alleging that Defendant Edward Robinson, doing business as Desperado's Northside Choppers, with full knowledge of Desperado Motor Racing's rights in the trade name Desperado, copied the mark "Desperado" and used it in the promotion and sale of Defendant's motorcycles.  Subsequently, Defendant filed a Counterclaim and Third-Party Complaint [Doc. # 61] ("Robinson's Complaint") against Plaintiff Desperado Motor Racing and Third-Party Nicklus.  Defendant then filed an Answer and Defenses to Plaintiff's First Amended Complaint [Doc. # 64] ("Robinson's Answer").

---

[1] Desperado also filed a Memorandum in Support of the Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement [Doc. # 74-1] ("Memorandum").

In Robinson's Complaint, Robinson claims that Nicklus, individually and through Desperado Motor Racing, published, and continues to publish, false and defamatory statements about Robinson as an individual and that these false statements are disparaging to Robinson's business. Consequently, Robinson asserts defamation, defamation per se, and business disparagement causes of action against Desperado Motor Racing and Nicklus. On March 5, 2010, Desperado Motor Racing and Nicklus filed an Answer and Defenses to Edward Robinson's Counterclaim and Third-Party Complaint [Doc. # 66] ("Answer"). Desperado Motor Racing and Nicklus filed the instant Motion to Dismiss on April 19, 2010.

## II.   STANDARD FOR RULE 12(b)(6) MOTION

Traditionally, courts hold that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is viewed with disfavor and is rarely granted. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555–56 (2007) (internal citations omitted))). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 120 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Legal conclusions "are not entitled to the assumption of truth." *Id.* at 1950. Legal conclusions "can provide the framework of a complaint," but they must be supported by factual allegations. *Id.*[2]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The determination of "whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility

---

[2] "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 120 S. Ct. at 1949.

of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).[3] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). It is insufficient to plead facts that are "merely consistent with" a defendant's liability. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

### III. ANALYSIS

#### A. Affirmative Defenses

Desperado Motor Racing and Nicklus seek to dismiss under Rule 12(b)(6) four of the six affirmative defenses asserted by Robinson.[4] However, the proper remedy for an insufficient affirmative defense is a motion to strike under Rule 12(f). In this regard, the Court construes Plaintiff and Nicklus' motion as a motion to strike. *See*

---

[3] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).

[4] Robinson raises the following affirmative defenses against Plaintiff's Complaint: (1) failure to state a claim upon which relief can be granted; (2) lack of personal jurisdiction; (3) estoppel; (4) "Desperado" is not a protected registered or common law trademark, but is so generic that its use is permissible; (5) waiver; and (6) attorney's fees. *See* Robinson's Answer, ¶¶ 86-91. Desperado Motor Racing and Nicklus move to dismiss defenses (2)-(5). It is noted that the Court already has denied Robinson's Motion to Dismiss for Lack of Personal Jurisdiction. *See* Memorandum and Order [Doc. # 65]. The motion to strike this defense is accordingly denied as moot.

*Huffman v. Remstar Intern., Inc.*, 2009 WL 1445967, at *1 (E.D. Tex. May 21, 2009) (construing a motion to dismiss an affirmative defense for failure to state a claim under Rule 12(b)(6) as a motion to strike pursuant to Rule 12(f) (citing *Curry v. High Springs Family Practice Clinic and Diagnostic Inc.*, 2008 WL 5157683, *2 (N.D. Fl. 2008)).

Under Rule 12(f), a party may move to strike defenses "within 21 days after being served with the pleading" if a responsive pleading is not allowed. FED. R. CIV. P. 12(f). Thus, if Desperado Motor Racing and Nicklus wished to move to strike any of Robinson's affirmative defense, they were required to do so within 21 days of service of Robinson's Answer on February 18, 2010. Desperado Motor Racing and Nicklus, however, did not file the instant Motion to Dismiss until April 19, 2010 – sixty days after receiving service. Desperado Motor Racing and Nicklus's motion to strike Robinson's affirmative defenses is not timely and the relief sought is accordingly denied. *See id.*[5]

---

[5] This denial is without prejudice to the Court's review of the legal sufficiency of the defenses upon a proper motion filed at the appropriate time.

**B.     Robinson's Defamation, Defamation Per Se, and Business Disparagement Claims**

Desperado Motor Racing and Nicklus also seek under Rule 12(b)(6) dismissal of Robinson's defamation, defamation per se, and business disparagement counterclaims for failure to state a claim for relief that is plausible on its face.[6]

Robinson counters, first, that Desperado Motor Racing and Nicklus waived the right to file the Motion to Dismiss by first filing their Answer. Robinson cites Rule 12(b), which provides that "[a] motion asserting any [12(b)] defenses must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Desperado Motor Racing and Nicklus raised the defense of failure to state a claim upon which relief can be granted in their Answer.[7] "No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading[.]" *Id.* Under Rule 12(i), "[i]f a party so moves, any defense listed in Rule 12(b)(1)-(7)–whether made in a pleading or by motion . . . must be heard and decided before trial unless the court orders a deferral until trial." FED. R. CIV. P. 12(i). Because Desperado Motor Racing and Nicklus's Motion to Dismiss Robinson's defamation,

---

[6]     In addition, Desperado Motor Racing and Nicklus seek under Rule 12(b)(6) to dismiss the defamation per se claim because Texas law does not recognize this claim. This argument is unfounded. Defamation per se is recognized under Texas law. *See e.g.*, *Exxon Mobile Corp. v. Hines*, 252 S.W.3d 496, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Texas Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 581-82 (Tex. App.—Austin 2007, pet. denied).

[7]     Answer [Doc. # 66], ¶ 19.

defamation per se, and business disparagement claims is based on a defense they properly asserted in their Answer, Robinson's waiver contention is unavailing.

Robinson next argues that the Motion to Dismiss should be denied because he has pled sufficient facts to state plausible claims for defamation,[8] defamation per se,[9] and business disparagement.[10] With respect to the defamation and defamation per se claims, Robinson's only factual allegations are that "Nicklus has called Robinson a 'thief,'" and that the statement is "false."[11] Robinson's assertions that this statement is "defamatory"[12] and that Desperado Motor Racing and Nicklus acted with "malice, negligently, or without regard to fault"[13] are legal conclusions and thus not entitled to

---

[8] To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (citing *Carr v. Brasher*, 776 S.W.2d 567, 568 (Tex. 1989)).

[9] Statements that are defamatory per se are so obviously injurious that the plaintiff need not prove injury. *See, e.g.*, *Hines*, 252 S.W.3d at 501.

[10] "The general elements of a claim for business disparagement are publication by the defendant of the disparaging words, falsity, malice, lack of privilege, and special damages. . . . The action for injurious falsehood or business disparagement is to protect the economic interests of the injured party against pecuniary loss." *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987).

[11] *Id.*, ¶ 12.

[12] Robinson's Complaint [Doc. # 61], ¶ 11; *id.* at 13.

[13] *Id.*

the assumption of the truth.  *See Iqbal*, 129 S.Ct. at 1950.  Robinson's scant factual allegations that he falsely was called a "thief" might be enough for the Court to infer the "possibility" of misconduct.  The allegations are insufficient, however, for the Court to draw a reasonable inference that Desperado Motor Racing and/or Nicklus are liable for the alleged misconduct or that Robinson is entitled to relief.  *See id*.  Robinson does not offer any details about the circumstances of the alleged statement.  For example,  Robinson has failed to plead any facts in support of the publication element of his claims.  *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (defamation plaintiff must show that allegedly defamatory statement was published).

Robinson's business disparagement claim also is inadequately pled.  Robinson alleges no facts in support of this claim whatsoever.  Robinson's threadbare recitals of the elements of business disparagement and conclusory statements are insufficient.  *See Iqbal*, 129 S.Ct. at 1949.  Moreover, to the extent that Robinson seeks to rely on the factual allegation that Nicklus called him a "thief" to support his business disparagement claim, his allegation fails because he has not pled any facts indicating how or to whom Nicklus publicized this statement.  *See  Hurlbut v. Gulf Atl. Life Ins.*

*Co.*, 749 S.W.2d 762, 766 (Tex. 1987) (business disparagement plaintiff must show that allegedly disparaging statement was published).[14]

Robinson's Complaint does not contain sufficient factual allegations to state a claim for relief that is plausible on its face for any of the asserted causes of action. Desperado Motor Racing and Nicklus's Motion to Dismiss the defamation, defamation per se, and business disparagement claims is therefore **granted**.

The Court, in the interests of justice, grants Defendant leave to amend and re-plead these causes of action if he can do so within the strictures of Rule 11.

## IV.  CONCLUSION

For the forgoing reasons, it is hereby

**ORDERED** that  Desperado Motor Racing and Nicklus's Motion to Dismiss [Doc. # 74] is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is **DENIED** as to Robinson's affirmative defenses, but **GRANTED** as to Robinson's defamation, defamation per se, and business disparagement claims.  It is therefore

**ORDERED** that Robinson' defamation, defamation per se, and business disparagement claims are **DISMISSED WITHOUT PREJUDICE**.  The Court, in the interests of justice, grants Defendant leave to amend and re-plead these causes of action if he can do so within the strictures of Rule 11.

---

[14]   Also, there is no allegation about the effect of the alleged statement on Robinson's business.

SIGNED at Houston, Texas, this 13th day of **July, 2010.**

_____
Nancy F. Atlas
United States District Judge